PS5-074                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3038
_____

DONIELLE T. HOIST,
Appellant

v.

STATE OF NEW JERSEY;
DEPT. OF ENVIRONMENTAL OF PROTECTION AGENCY;
DEBRA EWALT; ROSANNE ROSSI;
VERONICA KIRKHAM; KAREN SONDEJ;
MATTHEW COEFER; WAYNE GRENNIER; DOES;
JOHN DOES; KRISTINA CLAYTON;
EVELYN MOLDER; PATRICIA SCOTT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:12-cv-05370)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2016
Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 18, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Donielle T. Hoist, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey granting summary judgment in favor of the Defendants in her employment discrimination lawsuit. We will affirm.

The procedural history of this case and the details of Hoist's claims are well known to the parties, are set forth in the District Court's opinion, and need not be discussed at length. Briefly, Hoist was employed by the New Jersey Department of Environmental Protection (DEP) from 2004 until 2011, when she was terminated following an April 2011 altercation with her co-worker. Although a disciplinary hearing officer determined that Hoist had instigated the altercation and had been the aggressor, Hoist believed that she was terminated because she is African-American and in retaliation for having made prior complaints about her work environment. As a result, Hoist filed a charge with the Equal Employment Opportunity Commission (EEOC). After the EEOC issued a right-to-sue letter, Hoist commenced an action in the District Court, naming as Defendants the DEP and several state employees.

In April 2014, Hoist filed a third amended complaint, alleging race and gender discrimination, retaliation, and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. Following discovery, the parties filed cross-motions motions for summary judgment. In a thorough opinion, the

2

District Court granted the Defendants' summary judgment motion and denied Hoist's.[1]

Hoist appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo, and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As an initial matter, we agree with the District Court that Hoist did not exhaust her administrative remedies with respect to her gender discrimination claim. Indeed, she did not bring that claim to the attention of the EEOC, and it did not fall within the scope of her charge alleging racial discrimination. See Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976) (holding that "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (citations omitted). Thus, the claim was properly dismissed.[2]

---

[1] The District Court also denied in that order three motions to compel discovery that had been filed by Hoist. To the extent Hoist challenges the decision to deny those motions, we have reviewed the District Court's reasons for denying those motions and perceive no error on the part of the District Court.

[2] The District Court also correctly dismissed Hoist's state law tort claims, which she raised for the first time in her summary judgment motion. Even if Hoist had presented those claims in her third amended complaint, they were subject to dismissal because

3

We analyze Hoist's other discrimination and retaliation claims under Title VII according to the familiar burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385-86 (3d Cir. 1999). Under the McDonnell Douglas framework, Hoist bore the initial burden of establishing a prima facie case of a Title VII violation. See McDonnell Douglas, 411 U.S. at 802. If she succeeded, the burden then would shift to the Defendants to "articulate some legitimate, nondiscriminatory reason" for her termination. See id. Hoist would then have an opportunity to prove by a preponderance of the evidence that the legitimate reason for her termination offered by the Defendants was a pretext. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

We need not address whether Hoist made out a prima facie case of discrimination or retaliation because we agree with the District Court that, even if she had done so, the Defendants articulated legitimate, nondiscriminatory reasons for her termination, which Hoist failed to rebut. As mentioned, the Defendants proffered that they terminated Hoist because of her April 2011 altercation with a co-worker.[3] As the District Court noted, Hoist's conduct during that incident violated section 4A:2-2.3(a)6 of the New Jersey

---

Hoist did not comply with the notice requirements of the New Jersey Tort Claims Act. See N.J. Stat. Ann § 59:8-8; Velez v. City of Jersey City, 850 A.2d 1238, 1246 (N.J. 2004).

[3] The District Court correctly noted that Hoist appeared to provoke a possible physical altercation during that incident. Indeed, witnesses to the incident (which included outside vendors) informed a disciplinary officer that Hoist had yelled "If you see a bitch, slap a bitch" several times within inches of her co-worker's face.

Administrative Code, which permits the discipline of public employees for "[c]onduct unbecoming a public employee." See N.J.A.C. § 4A:2-2.3(a)6. The Defendants also submitted evidence showing that Hoist had an extensive history of aggressive and unprofessional behavior (dating back to 2007) which resulted in her inability to get along with her co-workers.

Hoist has not produced a material issue of fact demonstrating that the Defendants' proffered reasons for her termination were a pretext for discrimination. To establish pretext under the summary judgment standard, a plaintiff must either (1) offer evidence that "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication," or (2) present evidence sufficient to support an inference that "discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). To meet that burden, a plaintiff "cannot simply show that the employer's decision was wrong or mistaken." Id. at 765.

Hoist attempts to cast doubt on the Defendants' proffered reason for terminating her by noting that the co-worker with whom she had the altercation did not receive punishment for her role in the incident. Hoist believes that her co-worker was not disciplined because her co-worker is Caucasian. As the District Court explained, however, Hoist's co-worker did, in fact, receive a written warning for her use of inappropriate language during the altercation. Further, Hoist does not account for the fact that her co-worker was found to have had a lesser role the incident. In sum, Hoist

5

pointed to no evidence suggesting, nor do we find any reason to conclude, that the Defendants terminated her employment for reasons other than those which they have proffered.

We also agree with the District Court that Hoist failed to establish her hostile work environment claim. A Title VII hostile work environment claim requires proof of pervasive or severe discrimination that affected the plaintiff and would also affect a reasonable person. See Bouton v. BMW of N. Am., Inc., 29 F.3d 103, 106 (3d Cir. 1994). For the reasons carefully identified by the District Court, there is insufficient evidence in the record from which a reasonable jury could conclude that the incidents Hoist relied upon to support her claim were sufficiently severe or pervasive. Summary judgment was therefore appropriate.

We have considered Hoist's various arguments and conclude that none has merit. Accordingly, we will affirm the District Court's judgment.